UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEAN CARRINGTON,

        Plaintiff,

v.                                                                Case No. 18-cv-330-pp

NANCY BERRYHILL,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

On March 5, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

In order to allow the plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff says that she is unemployed, married, and has two children, ages fifteen and twelve. Dkt. No. 3 at 2. The plaintiff and her husband own two automobiles worth a total of $3,750 and a house worth $60,000, and have $15 on hand in

cash or in checking/savings accounts. Id. at 3. While the plaintiff's husband's income exceeds the couple's expenses, id. at 4, it's not by much, and the court imagines that some expenses associated with raising two teenaged children do not fall neatly into the utilities, gas and groceries categories listed in the affidavit. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that the conclusions and findings of fact by the defendant are not supported by substantial evidence and are contrary to law and regulation. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No.3.

Dated in Milwaukee, Wisconsin this 19th day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**