# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEAN CARRINGTON,

    Plaintiff,

  v.                                     Case No. 18-CV-330

NANCY A. BERRYHILL,

    Defendant.

## DECISION AND ORDER

Jean Carrington seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision will be reversed and the case remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

Carrington filed an application for disability insurance benefits and supplemental security income alleging disability beginning on August 1, 2010. (Tr. 232–41.) The claim was denied initially and on reconsideration. State agency reviewing physicians issued two opinions, one in March 2014 and another in January 2015. (Tr. 76–127.) A hearing was held before an Administrative Law Judge ("ALJ") on April 18, 2017. (Tr. 30–61.) Carrington testified at the hearing and was represented by counsel. (*Id.*) An impartial vocational expert ("VE"), Shannon Hollander, also testified. (*Id.*)

In a written decision issued August 8, 2017, the ALJ found that Carrington had the severe impairments of headache impairment, obesity, major depressive disorder, generalized anxiety disorder, learning disorder, and mild intellectual disability. (Tr. 14.) The ALJ found that Carrington did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 16–20.) The ALJ found that Carrington had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) except she could never climb ladders, ropes or scaffolds; could only occasionally climb stairs or ramps; could have only occasional exposure to hazards such as work with machinery having moving mechanical parts, use of commercial vehicles or exposure to unprotected heights; limited to the performance of simple, routine and repetitive tasks; limited to work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional interaction with the public and with co-workers. (Tr. 20–30.)

The ALJ found Carrington capable of performing her past relevant work as a hand packager. (Tr. 30–32.) As such, the ALJ found Carrington not disabled from January 17, 2014 through the date of the decision (Aug. 8, 2017). (Tr. 32.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Carrington's request for review. (Tr. 1–6.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v.*

*Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. *Application to this Case*

Carrington argues that the ALJ erred by propounding a hypothetical to the VE that was inconsistent with his findings at Step Three and failed to address Carrington's limitations in concentration, persistence, or pace. (Docket # 15 at 6–21.) The Commissioner responds that, on the contrary, the limitation to simple, routine, and repetitive tasks adequately accounted for Carrington's limitations in concentration, persistence, or pace. (Docket # 18 at 17–18. (citing *O'Connor-Spinner*, 627 F.3d at 619–20; *Lanigan v. Berryhill*, 865 F.3d 558, 565 (7th Cir. 2017).) Carrington also argues that the ALJ erred by failing to inquire about a

discrepancy between the VE's testimony and the Dictionary of Occupation Titles in violation of SSR 00-4p, (*Id.* at 21–23), and that the vocational testimony was not supported by substantial evidence, (*Id.* at 23–28).

It is well-established that "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) (quoting *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)). The Seventh Circuit has held that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). The court explained that in most cases "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence, and pace. The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *Id.* (citing *Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009)). The court instructed that "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." *Id.* at 620–21.

In this case, the ALJ gave significant weight to the state agency reviewing psychologists, Dr. Snyder and Dr. Pape, whose opinions he found "generally consistent with the evidence as a whole." (Tr. 27.) Both psychologists opined that Carrington had moderate limitations in the ability to carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without

4

interruption from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 84, 124.) Dr. Snyder also rated Carrington's ability to work in coordination with or in proximity to others without being distracted by them to be moderately limited. (Tr. 84.) Dr. Snyder explained that Carrington's "capacity to concentrate and persist on complex tasks is lacking. The [claimant] can concentrate and persist on tasks of 1 - 3 steps. . . . The claimant could tolerate normal work expectations for pace and productivity but when more is expected, or differing locales and differing staff are frequent, quantity and quality of work likely diminishes." (Tr. 84.) In the relevant section of her opinion, Dr. Pape added that Carrington "has constant worries and depressive [symptoms]." (Tr. 124.)

In his decision, the ALJ found the following at Step Three:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. . . . Overall, the evidence reflects moderate limitations in concentrating, persisting, or maintaining pace. Thus, the claimant is limited to the performance of simple, routine and repetitive tasks.

(Tr. 17.) The ALJ translated these and other paragraph B findings into the RFC as follows:

> With regards to the paragraph B analysis required in evaluating the claimant's mental functioning, the evidence reflects . . . moderate limitations in concentration, persisting, or maintaining pace, . . . . (See Discussion under Finding 3) As a result, the claimant is limited to the performance of simple, routine and repetitive tasks in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting and with only occasional interaction with the public and with co-workers.

(Tr. 21.)

At the hearing, the ALJ's first hypothetical to the VE said in relevant part, "This individual would be limited to the performance to [sic] simple, routine and repetitive tasks. This person should work in a low stress job defined as having only occasional changes in the

5

work setting. This individual could only occasional [sic] interact with the public and co-workers." (Tr. 65.)

This case is similar to *Winsted v. Berryhill*, No. 18-2228, 2019 WL 494052 (7th Cir. Feb. 8, 2019). In *Winsted*, the ALJ found at Step Three that Winsted had moderate difficulties with concentration, persistence, and pace because of his mental health issues, and limited him to "simple, routine, repetitive tasks with few workplace changes, no team work, and no interaction with the public." *Id.* at *4. The first hypothetical propounded to the VE contained this limitation, and the Seventh Circuit found that the hypothetical erroneously failed to adequately account for problems with concentration, persistence, or pace. *Id.*

Here, the hypothetical posed to the VE adequately accounted for Carrington's lack of capacity to concentrate and persist on complex tasks by limiting the hypothetical to simple tasks. However, the limitation did not account for Carrington's limitations in pace and productivity. Specifically, the state agency reviewing physician opined that Carrington could meet only "normal" expectations for pace and productivity, but would be more limited when more was required. In other words, some jobs consisting of simple, routine, and repetitive work on which Carrington can concentrate and persist might nevertheless require a level of pace and productivity that Carrington is unable to sustain. This limitation is not reflected in the ALJ's hypothetical to the VE, and for this reason, the ALJ's decision cannot stand.

The Seventh Circuit in *Winsted* also pointed out that the ALJ's decision did not reflect two additional hypothetical questions the ALJ had asked the VE reflecting off-task behavior and absenteeism—in other words, limitations in concentration, persistence, or pace. *Winsted*, 2019 WL 494052 at *4. Similarly, in this case, the ALJ asked two follow-up hypotheticals: one assuming an individual who would consistently remain off task greater than 10% of the

day, and one assuming an individual who would consistently miss at least two days of work per month on an unexcused or unscheduled basis. (Tr. 67.) For both hypotheticals, the VE opined that all competitive jobs would be eliminated. As in *Winsted*, these responses are not reflected in the ALJ's decision. To the extent evidence actually supports such limitations for Carrington, the opinion should address the VE's responses to these hypotheticals.

## CONCLUSION

The ALJ's RFC determination and the hypothetical presented to the VE failed to account fully for Carrington's limitations in concentration, persistence, or pace. Therefore, this case will be remanded to address this issue.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of February, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge